HASBROUCK *et al.* v. BUNCE *et al.*, appellants.

*Parties to action — tenants in common — Ejectment — title.*

Where an action in ejectment is brought by tenants in common of premises and subsequently several of the plaintiffs die, the names of the deceased plaintiffs may be properly struck from the record and the action may proceed in the name of the survivors, who may recover their undivided share of the premises wrongfully withheld.

In such an action, where the defendant claims by adverse possession, he cannot defeat the right of the plaintiffs to recover by showing a deed of the premises from them to one not shown to be a party to the action.

APPEAL from a judgment entered upon the report of a referee in plaintiff's favor. The action was ejectment brought by Hylah Hasbrouck and others against Valentine Bunce, John Dygert and others, for a lot of land known as lot 76 in the third allotment of the royal grant in the town of Norway, in the county of Herkimer. The first link in the plaintiff's chain of title to the lot in question is a deed from the commissioners of forfeiture to John De Witt, Jr., and Philip D. Bevier, dated September 1, 1776. Next a deed from De Witt to Bevier, dated March 28, 1789. Next the will of Bevier dated April 6, 1801, admitted to probate June 25, 1802, by which said lot 76 was devised to his eight children, Esther, Rachel, Elizabeth, Anna Maria, Henrietta, Lewis Dubois, Hylah and Sarah, to be equally divided between them. Henrietta married James Hasbrouck; she died in 1851, leaving three sons and three daughters. Rachel married Thomas R. Hardenburgh and died in 1858, leaving seven children. Sarah married Cornelius Bruyer and died in 1861, leaving no children. The plaintiffs constitute all the children of Philip D. Bevier, or their descendants, except defendants Hardenburgh and Ray, who, refusing to unite as plaintiffs, were made de-

fendants in the action. The plaintiffs, Anna M. Etting, Elizabeth Bevier, Anna M. Frees and Esther Hasbrouck, have died since the commencement of the action.

The referee finds that the surviving plaintiffs are seized of the title in fee simple to sixty-seven one hundred and fortieth undivided parts of the west half of lot 76, above mentioned, containing one hundred acres of land, and that the defendant Bunce unlawfully withholds the possession of said premises from the plaintiffs. He also finds that Dygert was improperly made a party, and he dismisses the complaint as to him, with costs.

The other defendants, made defendants because they would not unite with the others as plaintiffs, have not appeared in the action, but suffered judgment by default.

The referee struck the names of the plaintiffs who have died since the action was commenced from the record. Judgment was ordered in accordance with these findings.

The defendant Bunce put in evidence a deed from the plaintiffs and Hardenburgh to Stephen Payne, dated August 13, 1867, of the undivided 20–21 parts of lot 76. No title was shown in Bunce, except such as will be mentioned hereafter. Upon these facts, the appellant's counsel insists that the judgment should be reversed for the following reasons, to wit: 1. Part only of the tenants in common of the premises in question being parties to the action at the time of the trial, they are not entitled to recover. Those who succeeded to the title on the death of those who are deceased should have been brought in. 2. Title being shown to have been conveyed by the plaintiffs to Payne, the plaintiffs cannot recover. 3. That as the plaintiffs seek to recover for the use, etc., of the premises, all the owners of the premises must be parties. 4. There cannot be a recovery in the name of the plaintiffs for the benefit of Payne, as it was not proved that Payne was holding adversely so as to avoid the deed from plaintiffs to Bunce. 5. The action cannot be maintained by plaintiffs against the defendant, who is their co-tenant, as no ouster or demand of possession is shown. 6. No recovery can be had for the benefit of Payne, as it does not appear that he claims any interest in the premises. 7. If Payne had any rights, they were divested by proceedings supplementary to execution against him.

*Earl & Smith,* for appellant.

*A. M Mills,* for respondents.

MULLIN, P. J. The first question presented for our consideration is, whether a part of the owners in fee are entitled to recover in this action. Under the provisions of the Revised Statutes, tenants in common could sue jointly for the recovery of the possession of the premises, or each might sue for his separate share. 2 R. S. (2d ed.) 341, § 11. I am not aware of any provision in the Code altering or repealing this section. And the provisions of these statutes relating to actions of ejectment are still in force, unless repealed or altered by subsequent legislation. If all were not joined as plaintiffs, who should have been, the objection should have been taken by answer or demurrer; it was taken in neither mode, and it must be held to be waived.

But the objection was presented in another form when the names of the then plaintiffs, who died after the action was commenced, were stricken from the record. That was done at the close of the case, when it was too late to raise the objection by either answer or demurrer. If all the tenants in common must be parties, the referee should have nonsuited the plaintiffs, or required the heirs of the deceased parties to be brought in. It seems, however, to have been held by the general term, in the fifth district, that all the tenants in common, of premises sought to be recovered need not unite in bringing the action, for an ejectment, unless the action is brought as a substitute for a writ of right. *Kellogg* v. *Kellogg,* 6 Barb. 116, 131.

2. Did the conveyance to Payne defeat the plaintiffs' right of action? By section 111 of the Code, Payne could sue in the name of his grantors, provided the deed from them to him was void by reason of adverse possession at the time of the delivery of such deed, and he would be allowed to prove the facts to bring the case within the provisions of said section. The deed to him conveyed, as is said in the case, 20-21 parts of said lot. To entitle him to recover in the name of his grantors, they must be named as plaintiffs, and he would be entitled to recover only the share or interest of such as he made parties plaintiffs. No proof was given on the trial that the suit was prosecuted by Payne in the name of the plaintiffs for his benefit. Hence, the action must be treated as an action by the plaintiffs in their own right and for their own benefit. The proof of the deed from plaintiffs to Payn, was immaterial, as it is not set up in the answer that the premises had been conveyed by Payne.

3. The position of the counsel that the plaintiffs must all be

joined because the complaint claimed to recover damages for the use of the land, cannot be maintained. Nothing is allowed by the referee for the use of the land, and the question is therefore one of no material importance.

4. It is next insisted that Payne cannot recover in the name of the plaintiffs, because it was not proved that defendant was in possession holding adversely when the deed to him was delivered. I have already expressed the opinion that the action must be maintained by the plaintiffs in their names and rights, as enough was not shown to entitle Payne to recover.

5. It is urged that the action cannot be maintained because defendant is a co-tenant with the plaintiffs in the possession, and no ouster or demand of possession is proved. I know of no proof in the case that defendant has any interest in the premises except such as may be acquired by a trespasser. It is proved that he claimed exclusive possession of the premises, and ordered plaintiffs' agent off from them. This was sufficient to entitle plaintiffs to recover.

The sixth and seventh propositions of defendant's counsel relate to the right of Payne to recover in the action, and as I have already expressed the opinion that no recovery could be had by him in this case, it is unnecessary to say more on that subject.

The defendant's counsel insisted in his points that because plaintiffs are not entitled to recover the whole premises, and defendant being in possession, he must be deemed a tenant in common with them, to the extent at least of the interest not recovered by the plaintiffs. Conceding defendant to be a tenant in common with the plaintiffs to the extent of the interest of those who are not parties to the record, either as plaintiffs or as defendants, made such because they would not join as plaintiffs, the plaintiffs not having recovered such interest the defendants are not injured. But defendant does not show a particle of interest in the premises except a naked possession. He alleges in his answer that he is owner by an adverse possession of twenty years, and this is the only claim of title pretended by him. He fails to establish any such adverse possession and he cannot, under his answer, claim any other. The defendant Bunce, has nothing to do with proceedings by which the defendants, who have an interest in the premises in common with the plaintiff, were made parties defendant. It cannot in any conceivable manner affect his right or interest.

The judgment should be affirmed.          *Judgment affirmed.*